UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
FREDERICK C. FERMIN, )
)
Plaintiff, )
)
v. ) Case No. 16-cv-2044 (TSC)
)
UNITED STATES OF AMERICA, *et al.*, )
)
Defendants. )
)

## MEMORANDUM OPINION

This matter is before the court on the United States' motion to dismiss. (ECF No. 5). For the reasons discussed below, the motion will be GRANTED.

## I. BACKGROUND

Plaintiff Frederick Fermin, proceeding *pro se,* claims that he suffered legal damages due to the perjury, fraud, and gross negligence of the Department of Veterans Affairs ("VA") in deciding to deny his claim for disability benefits related to brain damage resulting from care he received in the 1940's. (*See* Attachment to Compl. at 2). Fermin brings four "claims" against the United States. First, he alleges that VA officials in the Houston, Texas regional office "knowingly and intentionally made concealment of the words chronic disability" in denying his claim for disability benefits, in violation of 18 U.S.C. § 1035. (Compl. ¶ 9). Second, Fermin alleges that "VA officials and officers knowingly and intentionally committed conspiracy to interfere with plaintiff Fermin's civil rights by fraudulent concealment of [the] U.S. Army Hospital's Certificate of Disability for Discharge." (*Id.* ¶ 10). Third, he claims that VA officials violated their "duty to assist" him with his benefits claim. (*Id.* ¶ 11) (citing 38 U.S.C. § 5103A).

1

Finally, Fermin accuses the VA disability ratings officers of committing perjury. (Compl. ¶¶ 12-13) (citing 18 U.S.C. § 1001). He demands $2 million in damages. (*Id*. ¶ 13).

The United States moved to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and for improper venue pursuant to Federal Rule 12(b)(3). (ECF No. 5 at 1). The court subsequently entered an order requiring Fermin to respond to Defendant's motion by January 23, 2017, and informed him that the court might treat as conceded any arguments advanced by the United States that he failed to address in his opposition. (ECF No. 6). Fermin responded by filing four separate documents, all consisting of responses to Defendant's motion to dismiss. The first, titled "Objection to Dismiss Plaintiff's Complaints Pursuant to Title 28, U.S.C. Section 1361, as per Attached Exhibit A & Response Via 28 F.R.C.P. Rule 12(f)(1)," cited several statutes to establish the court's jurisdiction. (ECF No. 7 at 1-2). Fermin also attached materials from an action in the U.S. District Court for the Western District of Texas concerning his real property. (ECF No. 7 at 5-13). In the second, a motion to strike Defendant's motion to dismiss the complaint, Plaintiff attached materials relating to discrete settlements reached with the National Home Life Assurance Company and State Farm Mutual Insurance. (ECF No. 8). The third filing was a "supplemental memorandum" containing largely the same materials as the motion to strike, but omitting the original second page. (ECF No. 9). Fourth, Plaintiff filed "Plaintiff's Response to Court Order Informing Plaintiff the Out[come] of the Litigation, if Plaintiff Fails to File Response to Defendant," to which he attached *Naporano Metal & Iron Co. v. Secretary of Labor*, 529 F.2d 537 (3d Cir. 1976). (ECF No. 10).

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. The party asserting jurisdiction has the burden of demonstrating that the court has subject matter jurisdiction, and "[t]here is a presumption against federal court jurisdiction." *Logan v. Dep't of Veterans Affairs,* 357 F. Supp. 2d 149, 153 (D.D.C. 2004) (*citing McNutt v. Gen. Motors Acceptance Corp. of Ind.,* 298 U.S. 178, 182–83, (1936)). In evaluating a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a court must assume the truth of all factual allegations and must review "the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (*quoting Thomas v. Principi*, 394 F.3d 970, 972 (D.C. Cir. 2005)). Nevertheless, "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the [c]ourt accept plaintiff's legal conclusions." *Disner v. United States*, 888 F. Supp. 2d 83, 87 (D.D.C. 2012) (quoting *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006)). Finally, "a court may consider such materials outside the pleadings as it deems appropriate to resolve the question [of] whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000).

It is well established that "[c]ourts must construe *pro se* filings liberally." *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*pro se* pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers"). But the plaintiff must nevertheless establish a clear basis for jurisdiction. *Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011) ("Although a *pro se* complaint is held to a less stringent standard than other complaints, even a *pro se* plaintiff bears the burden of

establishing that the [c]ourt has subject matter jurisdiction.") (citations omitted) (internal quotations omitted).

## III. DISCUSSION

The United States argues that the court lacks subject matter jurisdiction because, pursuant to 38 U.S.C. § 511(a), federal district courts cannot review VA determinations of veteran benefits. (ECF No. 5 at 5). Section 511 provides that "the decision of the [VA] Secretary as to any [benefits determination] shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a). A district court "may not hear claims attempting to challenge impermissibly the underlying VA benefits decisions." *Melvin v. U.S. Dep't of Veterans Affairs*, 70 F. Supp. 3d 350, 358 (D.D.C. 2014). To find otherwise would allow a federal district court to "intrude upon the VA's exclusive jurisdiction." *Price v. United States*, 228 F.3d 420, 422 (D.C. Cir. 2000). Instead, "[t]he exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit." *Id.* at 421.

However, "while the Secretary is the sole arbiter of benefits claims and issues of law and fact that arise during his disposition of those claims, district courts have jurisdiction to consider questions arising under laws that affect the provision of benefits as long as the Secretary has not actually decided them in the course of a benefits proceeding." *Broudy v. Mather*, 460 F.3d 106, 114 (D.C. Cir. 2006).

Section 511 identifies four exceptions where the district court may review the Secretary's decision. These include review of agency rules and regulations (which is limited to the Court of Appeals for the Federal Circuit), review of matters involving service members' life insurance

4

pursuant to 38 U.S.C. § 1975 and § 1984, matters pertaining to housing and small business loans, and review in the Court of Appeals for Veterans Claims as outlined in 38 U.S.C. § 7261. *See* 38 U.S.C. § 511(b). Plaintiff's claims do not fall under any of these exceptions.

Plaintiff does not appear to dispute that a denial of benefits underlies his claim. Interpreting Plaintiff's filings liberally, he instead appears to assert that the court has jurisdiction pursuant to the following seven statutes: 5 U.S.C. § 702, 18 U.S.C. § 1035, 28 U.S.C. § 1346, 28 U.S.C. § 1361, 38 U.S.C. § 7265(a)(1)(2), 42 U.S.C. § 12101(a)(5) and 42 U.S.C. § 1985(3). (Compl. ¶ 1; ECF No. 7 at 1-2). He previously cited 38 U.S.C. § 5103A in his Complaint. None of these statutes supports Plaintiff's position that this court has jurisdiction over his claims.

First, 5 U.S.C. § 702 is a provision of the Administrative Procedure Act which allows for claims against the United States arising out of legal wrongs caused by agency action, but the APA does not "affect[] other limitations on judicial review;" in other words, where section 511 has limited judicial review of benefits determinations, section 702 of the APA does not provide an exception to or a way around section 511. Second, 18 U.S.C. § 1035 makes it a crime to make a false statement relating to health care matters.

Third, 28 U.S.C. § 1346(a), the "Little Tucker Act," provides that district courts have original jurisdiction over civil claims "against the United States, not exceeding $10,000 in amount" for constitutional claims, statutory claims, or claims based on an executive regulation, contracts with the United States, "or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1346(a)(2). Because Fermin's claim both exceeds $10,000 and sounds in tort, this provision does not apply. Subsection (b) of section 1346, the Federal Tort Claims Act (FTCA), allows damages claims "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government

5

while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). But the FTCA also cannot circumvent section 511. The D.C. Circuit has held that section 511 precludes district court review not only of benefits determinations but also of tort claims related to a benefits determination that would require the district court to review the VA's determination about what the litigant was entitled to receive. *See Blue Water Navy Vietnam Veterans Ass'n, Inc. v. McDonald*, 830 F.3d 570, 576 (D.C. Cir. 2016) (citing *Thomas v. Principi*, 394 F.3d 970, 975 (D.C. Cir. 2005) (differentiating between a tort claim about "the adequacy of medical services provided to the plaintiff," which was barred by section 511, and a tort claim that the VA had wrongfully withheld the plaintiff's diagnosis from him, which was within the district court's jurisdiction because the resolution of it was not necessary to the benefits determination). Here, Plaintiff's claims allege that VA employees wrongfully denied him benefits. None of the facts he alleges constitute separate torts that would be unnecessary to his benefits determination, and therefore the court does not have jurisdiction pursuant to section 1346(b)(1).

Fourth, this court does not have jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1361, which provides for jurisdiction over mandamus actions, because section 511 explicitly bars district court review "by an action in the nature of mandamus or otherwise." 38 U.S.C. § 511(a).

Fifth, this court does not have jurisdiction pursuant to 38 U.S.C. § 7265, which confers contempt authority on the U.S. Court of Appeals for Veterans Claims and permits that Court to punish by fine or imprisonment "misbehavior of any of its officers in their official transactions." 28 U.S.C. § 7265(a)(2). Sixth, 42 U.S.C. § 12101 likewise does not grant subject matter

6

jurisdiction because it is simply a statement of Congressional findings.  Seventh, 42 U.S.C. § 1985(3) relates to two or more persons disguising themselves for the purpose of depriving a person of equal protection and privilege of the laws or conspiring to prevent a citizen from advocating his political support.  Plaintiff's § 1985(3) civil rights conspiracy claim—that "VA officials and officers . . . committed conspiracy to interfere with Plaintiff Fermin's civil rights by fraudulent concealment of U.S. Army Hospital's Certificate of Disability For Discharge," (Compl. ¶ 10)—is another form of the claim that the VA violated the duty to assist in his benefits application and of his challenge to the denial of benefits, and therefore falls within the category of cases over which this court has no jurisdiction.  Additionally, sovereign immunity bars the claim because it is brought only against the United States, and not against the VA officials in their individual capacities.  *See*, *e.g.*, *Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000) ("Sovereign immunity . . . bars §§ 1985(3) and 1986 suits brought against the United States and its officers acting in their official capacity.").

Finally, 38 U.S.C. § 5103A requires the VA Secretary to "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate the claimant's claim for a benefit under a law administered by the Secretary."  Any failure to assist a benefits claimant in accordance with section 5103A must be appealed through the Board of Veterans Appeals and ultimately the United States Court of Appeals for Veterans Claims.  *See Price*, 228 F.3d at 421.  Accordingly, Plaintiff has not established that this court has jurisdiction over his claim for denial of benefits.

Plaintiff also alleges that the VA acted in bad faith or with gross negligence, but the court is similarly foreclosed by 38 U.S.C. § 511 from making such a determination.  *See id.*, 228 F.3d at 422.

Plaintiff's filings at ECF Nos. 15 and 16 ask the court for leave to further explain where the acts that constitute the basis of his claims took place. To the extent those documents serve to bolster Plaintiff's response to Defendants' argument that venue is improper pursuant to Federal Rule of Civil Procedure 12(b)(3), they do not impact the court's findings. The court does not reach venue here because the court finds there is no subject matter jurisdiction.

To the extent Plaintiff cites in ECF Nos. 15 and 16 additional statutory sections that he suggests constitute additional bases for *jurisdiction*, as opposed to venue, the filings do not alter the court's conclusion. Plaintiff cites, in both filings, "5 U.S.C. § 1331," which the court construes to be intended as a reference to 28 U.S.C. § 1331. Although 28 U.S.C. § 1331 provides federal district courts with original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," the statute does not provide a means of bypassing section 511's bar on review of benefits determinations. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1019 (9th Cir. 2012). ("[T]he fact that federal courts are vested with . . . jurisdiction [pursuant to section 1331] over 'all civil actions' does not mean that all federal courts may exercise jurisdiction over all such civil actions. The Constitution also grants to Congress the power to control federal court jurisdiction through 'such Exceptions, and under such Regulations as the Congress shall make.' U.S. Const. art. III, § 2, cl. 2.").[1]

---

[1] The court has also reviewed Plaintiff's "Notice of Correction," ECF No. 17, in which he corrects ECF No. 16 to add Federal Rule of Civil Procedure 9 into the title "MOTION for Leave to File Plaintiff's Final Analysis of Where Tort was Committed through statements of Facts Pursuant to Title 28, FRCP Rule ((d));" and ECF No. 19, in which he contends that Defendants are ignoring existing law by arguing that section 511 precludes his claims, and that 511 does not apply because the VA officials committed a crime. Plaintiff's correction to ECF No. 16's title does not impact this court's analysis and decision, nor does his contention that Defendants have committed a crime—as individuals cannot bring criminal charges. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Plaintiff's citation to "12 CFR Section 1081.212 (h)" in ECF No. 19 is also inapposite; that section deals with administrative proceedings initiated by the

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss will be GRANTED. Plaintiff's motion to strike (ECF No. 8) will be DENIED. Plaintiff's motion for leave to file response to Defendants' further support to dismiss & opposition to strike (ECF No. 15) and motion for leave to file Plaintiff's final analysis of where tort was committed (ECF No. 16) will be GRANTED.

A corresponding order will issue separately.

Date: August 4, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

Consumer Financial Protection Bureau against persons or entities that violate the Dodd-Frank Act. Nor do Plaintiff's citations to *Henderson v. Dep't of Veterans Affairs*, No. AT-0752-15-0860-I-1, 2016 WL 4395622 (M.S.P.B. Aug. 18, 2016) and *Martin v. Applied Cellular Tech., Inc.*, 284 F.3d 1 (1st Cir. 2002) assist him. *Henderson* involved an appeal of a VA employee's indefinite suspension after indictment on charges of violating 18 U.S.C. § 1035, and *Martin* involved a former employee's claims against a company he believed instigated criminal proceedings against him. Neither has relevance here.

9